| Respond to Selected Documents |   Sort by date: Descending Ascending        Display options: All Entries ⌄

**05/20/2026**

    **Motion Hearing Scheduled**

       **Scheduled For:** 06/09/2026; 9:00 AM; JOSEPH ALFRED RATHERT; Jefferson

```
EXHIBIT
A
```

**05/12/2026**

    **Notice of Hearing Filed**

    Notice of Hearing.
       **Filed By:** RYAN KRUPP
       **On Behalf Of:** MARIA BEYERSDORFER

    **Motion to Strike**

    Plaintiffs Motion to strike Petition filed on 43026 from the record or in the alternative to raise the security level as to that document.
       **Filed By:** RYAN KRUPP
       **On Behalf Of:** MARIA BEYERSDORFER

    **Hearing Scheduled**

    This case is set on the docket on August 21, 2026 at 9:00 am. The court will not raise the security level without a record being made. The court is available on the following dates should the parties wish to call same up sooner: June 8,9,10; July 29,30,31. All settings are at 9:00 am. J. Rathert 5-6-26

**05/05/2026**

    **Summons Issued-Circuit**

    Document ID: 26-SMOS-59, for BANKS, FREDERICK

    **Summons Issued-Circuit**

    Document ID: 26-SMCC-1479, for LANDSTAR INWAY, INC.

    **Order - Special Process Server**

    Pursuant to RSMo 506.140, the requested individual(s) are appointed as Special Process Server(s) in this cause of action. Michael E. Reuter by: L. Alexander, Deputy Clerk

    **Memorandum Filed**

    Memorandum to Court.
       **Filed By:** RYAN KRUPP
       **On Behalf Of:** MARIA BEYERSDORFER

    **Petition:**

    First Amended Petition.
       **Filed By:** RYAN KRUPP
       **On Behalf Of:** MARIA BEYERSDORFER

**05/01/2026**

    **Judge/Clerk - Note**

    CASE ON HOLD. PARTIES ON CONFIDENTIAL FILING INFORMATION SHEET DOES NOT MATCH PARTIES ON PETITION. FILER TO REVIEW AND SUBMIT CORRECTED DOCUMENT(S).

    **Case Mgmt Conf Scheduled**

       **Scheduled For:** 08/21/2026; 9:00 AM; JOSEPH ALFRED RATHERT; Jefferson

**04/30/2026**

    **Filing Info Sheet eFiling**

       **Filed By:** RYAN KRUPP

    **Proposed Order Filed**

    Proposed Order - Motion for Appointment of Special Process Server - Frederick Banks.
       **Filed By:** RYAN KRUPP
       **On Behalf Of:** MARIA BEYERSDORFER

    **Motion Special Process Server**

    Motion for Appointment of Special Process Server - Frederick Banks.
       **Filed By:** RYAN KRUPP
       **On Behalf Of:** MARIA BEYERSDORFER

    **Proposed Order Filed**

    Proposed Order - Motion to Appoint Special Process Server - Landstar Inway, Inc..
       **Filed By:** RYAN KRUPP
       **On Behalf Of:** MARIA BEYERSDORFER

**Motion Special Process Server**

Motion to Appoint Special Process Server - Landstar Inway, Inc.

    **Filed By:** RYAN KRUPP

    **On Behalf Of:** MARIA BEYERSDORFER

**Pet Filed in Circuit Ct**

Petition.

    **Filed By:** RYAN KRUPP

    **On Behalf Of:** MARIA BEYERSDORFER

**26JE-CC00456**

Electronically Filed - Jefferson - April 30, 2026 - 12:22 PM

## IN THE CIRCUIT COURT OF PHELPS COUNTY
### STATE OF MISSOURI

| | | |
|---|---|---|
| STACEY WETHY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | Div. No.: |
| | ) | |
| M.J.S. OPERATING COMPANY, | ) | **JURY TRIAL DEMANDED** |
| L.L.C., | ) | |
| Serve At: Anthony Sherrer | ) | |
| 90 Truman St. | ) | |
| Doolittle, MO 65550 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOY BEYERS, | ) | |
| Serve At: 10021 County Rd. 8490 | ) | |
| Newburg, MO 65550 | ) | |
| | ) | |
| Defendants. | ) | |

### PETITION

COMES NOW, Plaintiff Stacey Wethy, (hereinafter referred to as "**Wethy**") and for her Petition against Defendants M.J.S. Operating Company, L.L.C. (hereinafter referred to as "**MJS**"), and Joy Beyers (hereinafter referred to as "**Beyers**"), and states as follows:

### FACTS COMMON TO ALL COUNTS:

1.      That Plaintiff Wethy at all times mentioned herein was a resident of the State of Missouri.

2.      That Defendant MJS was a resident of the State of Missouri where it is registered to do business and where their principal place of business is 90 Truman Street, Doolittle, Missouri 65550.

3.      That Defendant Beyers at all times mentioned herein was a resident of the State of Missouri.

1

Electronically Filed - Jefferson - April 30, 2026 - 12:22 PM

4.     That jurisdiction and venue are proper in the Circuit Court of Phelps County, Missouri, where the cause of action herein occurred and accrued on or near Missouri Highway 72 in Phelps County, Missouri and where Plaintiff Wethy was first injured.

5.     That on or about July 12, 2024, Plaintiff Wethy was a passenger in a vehicle stopped on Missouri Highway 72, an open and public thoroughfare in the State of Missouri, when Defendant MJS's vehicle being driven by Defendant Beyers negligently drove the vehicle into and struck Plaintiff Wethy's vehicle, directly and proximately causing and/or contributing to cause injuries and damages to Plaintiff Wethy.

## COUNT I – NEGLIGENT ENTRUSTMENT
### Stacey Wethy vs. M.J.S. Operating Company, L.L.C.

COMES NOW, Plaintiff Stacey Wethy, by and through her undersigned counsel, and for her Count I herein against Defendant M.J.S. Operating Company, L.L.C., states as follows:

6.     Plaintiff Wethy realleges and incorporates paragraphs 1-5.

7.     That on or about July 12, 2024, Defendant MJS entrusted Defendant Beyers with the use of a vehicle owned by Defendant MJS.

8.     That Defendant Beyers was incompetent to be entrusted with the semi-truck as she had little to no prior experience, training or education in driving the 2018 Ram Pro Master,  had previously been involved in collisions while driving the 2018 Ram Pro Master, and/or shown signs of her inability or dangerous proclivities while driving the 2018 Ram Pro Master.

9.     That Defendant MJS knew or had reason to know of the aforementioned incompetence of Defendant Beyers as a driver.

10.     That Defendant MJS' knowledge of Defendant Beyers' incompetence was in flagrant disregard for and/or was in complete indifference or conscious disregard for the safety of others, including Plaintiff Wethy.

2

Electronically Filed - Jefferson - April 30, 2026 - 12:22 PM

11.     That as a result of the aforementioned negligent entrustment of the vehicle by Defendant MJS to Defendant Beyers, Defendants' vehicle struck Plaintiff Wethy's vehicle, actually and proximately causing Plaintiff Wethy's injuries including but not limited to the following: injuries to her neck, back, right shoulder, right hip, and the surrounding tissues and bones thereof; reasonably necessary past and future medical care including but not limited to physical therapy, and diagnostic x-rays and MRI's, and the reasonable medical expenses involved in getting medical care; some of Plaintiff Wethy's injuries and damages are progressive, continuing and permanent.

WHEREFORE, Plaintiff Stacey Wethy requests this Court to enter its judgment in her favor and against Defendant M.J.S. Operating Company, L.L.C. for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000), and her costs incurred herein, and for such other and further orders as the Court deems just and proper under the circumstances.

**COUNT II – NEGLIGENCE**
**Stacey Wethy vs. Joy Beyers**

COMES NOW, Plaintiff Stacey Wethy, by and through her undersigned counsel, and for her Count II herein against Defendant Joy Beyers states as follows:

12.     Plaintiff Wethy realleges and incorporates paragraphs 1-5.

13.     That on or about July 12, 2024, Plaintiff Wethy was a passenger in a vehicle travelling eastbound on Missouri Highway 72 and stopped for traffic when a vehicle driven by Defendant Beyers failed to stop, causing her vehicle to rear-end Plaintiff Wethy's vehicle causing injuries to Plaintiff Wethy.

14.     That the acts, conduct, negligence, failures and omissions of act of Defendant Beyer directly and proximately caused and/or contributed to cause injuries and damages to Plaintiff Wethy, and those acts, conduct, negligence, failures and omissions to act of Defendant Beyer were alternatively as follows:

3

Electronically Filed - Jefferson - April 30, 2026 - 12:22 PM

a.   Defendant Beyer failed to keep a careful lookout; and/or,

b.   Defendant Beyer followed too closely; and/or

c.   Defendant Beyer drove at an excessive speed under the circumstances; and/or

d.   Defendant Beuer knew or should have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, or slackened the speed of her vehicle, but failed to do so.

15.    That Defendant Beyer's negligence herein actually and proximately caused injuries and damages to Plaintiff Wethy including, but not limited to, the following: pain and suffering, significant injuries to her neck, back, right shoulder, right hip, and the surrounding tissues and bones thereof; reasonably necessary past and future medical care including but not limited to physical therapy and chiropractic care and diagnostic x-rays and MRI's, and the reasonable medical expenses involved in getting medical care; some of Plaintiff Wethy's injuries and damages are progressive, continuing, and permanent.

WHEREFORE, Plaintiff Stacey Wethy requests this Court to enter its judgment in her favor and against Defendant Joy Beyers for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000), and her costs incurred herein, and for such other and further orders as the Court deems just and proper under the circumstances.

Respectfully Submitted,

KRUPP & RABOIN LAW FIRM, LLC

/s/ Ryan J. Krupp
Ryan J. Krupp #71045
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#: (314) 835-9999
Fax#: (636) 280-0877
Email:  Ryan@kruppraboin.com
Attorney for Plaintiff Stacey Wethy

4

Electronically Filed - Jefferson - April 30, 2026 - 12:22 PM

**26JE-CC00456**

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| MARIA BEYERSDORFER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Div. No. |
| | ) | |
| LANDSTAR INWAY, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| and | ) | |
| | ) | |
| FREDERICK BANKS, | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff Maria Beyersdorfer, by and through undersigned counsel, and moves this Court for the appointment of a special process server for service of process on Defendant Landstar Inway, Inc. Plaintiff requests to use Christopher Ruhland, John Frederick, Rebecca Montle, Cody Terry, Rebecca Santangelo, Robert Montle, David Roberts, and Jessica Frederick with Frederick Investigations, P.O. Box 2489, Hillsboro, Missouri 63050.

Respectfully Submitted,

KRUPP & RABOIN LAW FIRM, LLC

/s/ Ryan J. Krupp
Ryan J. Krupp #71045
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#: (314) 835-9999
Fax#: (314) 218-3530
Email:  Ryan@kruppraboin.com
Attorney for Plaintiff Maria Beyersdorfer

1

26JE-CC00456

Electronically Filed - Jefferson - April 30, 2026 - 12:22 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| MARIA BEYERSDORFER, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| vs. | ) Div. No. |
| | ) |
| LANDSTAR INWAY, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| and | ) |
| | ) |
| FREDERICK BANKS, | ) |
| | ) |
| Defendants. | ) |

<u>**MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**</u>

COMES NOW Plaintiff Maria Beyersdorfer, by and through undersigned counsel, and moves this Court for the appointment of a special process server for service of process on Defendant Frederick Banks. Plaintiff requests to use Herbert Battistella and/or a representative of Capital Process Service, LLC, P.O. Box 77136, Baton Rouge, Louisiana, 70879-7136.

Respectfully Submitted,

KRUPP & RABOIN LAW FIRM, LLC

/s/ Ryan J. Krupp
Ryan J. Krupp #71045
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#: (314) 835-9999
Fax#: (314) 218-3530
Email:  Ryan@kruppraboin.com
Attorney for Plaintiff Maria Beyersdorfer

1

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| MARIA BEYERSDORFER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  26JE-CC00456 |
| | ) | |
| vs. | ) | Division 1 |
| | ) | |
| LANDSTAR INWAY, INC., | ) | JURY TRIAL DEMANDED |
| Serve At: | ) | |
| C T Corporation System | ) | |
| 5661 Telegraph Rd., Ste. 4B | ) | |
| St. Louis, MO 63129 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FREDERICK BANKS, | ) | |
| Serve At: | ) | |
| 11320 Greenwell Springs, Apt 1305 | ) | |
| Baton Rouge, LA 70814 | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED PETITION**

COMES NOW, Plaintiff Maria Beyersdorfer, (hereinafter referred to as "**Beyersdorfer**")

and for her First Amended Petition against Defendants Landstar Inway, Inc. (hereinafter referred

to as "**Landstar**"), and Frederick Banks (hereinafter referred to as "**Banks**"), states as follows:

**FACTS COMMON TO ALL COUNTS:**

1.      That Plaintiff Beyersdorfer at all times mentioned herein was a resident of the State

of Missouri.

2.      That Defendant Landstar is a trucking logistics company and/or company which

hauls freight using semi-trucks and/or tractor trailers across various state lines and as such is

sanctioned under the United States Department of Transportation ("DOT"), DOT # 216939.

3.      That Defendant Banks is an individual who was employed by Defendant Landstar.

1

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

4.      At all times herein, Defendant Landstar was a resident of the State of Florida where it is registered to do business and where their principal place of business is 13410 Sutton Park Drive South, Jacksonville, Florida 32224.

5.      That Defendant Banks at all times mentioned herein was a resident of the State of Louisiana.

6.      That jurisdiction and venue are proper in the Circuit Court of Jefferson County, Missouri, where the cause of action herein occurred and accrued on or near Arnold Tenbrook Road in Jefferson County, Missouri and where Plaintiff Beyersdorfer was first injured.

7.      That on or about February 5, 2025, Plaintiff Beyersdorfer was stopped on Arnold Tenbrook Road, an open and public thoroughfare in the State of Missouri, when Defendant Landstar's tractor-trailer being driven by Defendant Banks negligently backed the tractor-trailer into and struck Plaintiff Beyersdorfer's vehicle, directly and proximately causing and/or contributing to cause injuries and damages to Plaintiff Beyersdorfer.

**COUNT I - NEGLIGENCE (RESPONDEAT SUPERIOR)**
**Maria Beyersdorfer vs. Landstar Inway, Inc.**

COMES NOW, Plaintiff Maria Bayersdorfer, by and through her undersigned counsel, and for her Count I herein against Defendant Landstar Inway, Inc., and states as follows:

8.      Plaintiff Beyersdorfer realleges and incorporates paragraphs 1-7 as if fully stated herein and further states as follows:

9.      At all times mentioned herein, Defendant Banks was acting in his capacity as an employee, agent, and/or servant of Defendant Landstar.

10.      That on or about February 5, 2025, Defendant Banks was acting within the course and scope of his employment or agency as a truck driver for Defendant Landstar wherein he was operating a tractor-trailer vehicle hauling freight and/or other items across state lines on behalf of

2

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

Defendant Landstar in furtherance of their business interest, and Defendant Landstar had control over the scope of work of Defendant Banks

11.     Defendants Landstar and Banks, and each of them, owed Plaintiff Beyersdorfer the highest duty of care to operate their vehicles in a safe manner so they would not cause or be in an accident on the roadway, and Defendants Landstar and Banks breached that duty of care owed to Plaintiff Beyersdorfer by causing an accident thereby directly and proximately causing and/or contributing to cause injuries to Plaintiff Beyersdorfer in the accident.

12.     That on or about February 5, 2025, Plaintiff Beyersdorfer was stopped on Arnold Tenbrook Road, an open and public thoroughfare in the State of Missouri, when Defendant Landstar's tractor-trailer being driven by Defendant Banks negligently backed the tractor-trailer into and struck Plaintiff Beyersdorfer's vehicle, directly and proximately causing and/or contributing to cause injuries and damages to Plaintiff Beyersdorfer.

13.     As a driver of a motor vehicle on an open and public thoroughfare, Defendant Landstar, by and through its agent, employee and/or servant Defendant Banks owed the highest degree of care to Plaintiff Beyersdorfer, meaning that degree of care that a very careful person would use under similar circumstances including, but not limited to:

a.     Keep a careful lookout for other vehicles on the road;

b.     Not drive the vehicle at an excessive speed;

c.     Not improperly backup;

d.     Take action after danger of collision is apparent by among other things:

i.     Stopping;

ii.     Swerving;

iii.     Slackening speed;

3

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

    iv.      Sounding a warning; or

    v.      Any combination of the above.

  e.      Not coming into collision with any other vehicle on the roadway.

14. That Defendant Landstar, by and through its agent, employee, and/or servant Defendant Banks, breached its aforementioned duties in at least the following ways:

  a.      Failing to keep a careful lookout for other motor vehicles on the roadway;

  b.      Driving at an excessive speed under the circumstances;

  c.      Improperly backing up;

  d.      Failing to take action after danger of collision is apparent by among other things:

    i.      Stopping;

    ii.      Swerving;

    iii.      Slackening speed;

    iv.      Sounding a warning; or

    v.      Any combination of the above.

  e.      By coming into collision with Plaintiff Beyersdorfer's vehicle.

15. That as a result of the aforementioned breaches of the duties of care owed by Defendant Landstar to Plaintiff Beyersdorfer, Defendant's tractor-trailer struck Plaintiff Beyersdorfer's vehicle directly and proximately causing and/or contributing to cause Plaintiff Beyersdorfer's injuries, including but not limited, to the following: injuries to her neck, back and the surrounding tissues and bones thereof; reasonably necessary past and future medical care including but not limited physical therapy, and diagnostic x-rays and MRI's, and the reasonable

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

medical expenses involved in getting medical care; some of Plaintiff Beyersdorfer's injuries and damages are progressive, continuing and permanent.

WHEREFORE, Plaintiff Maria Beyersdorfer requests this Court enter its judgment in her favor and against Defendant Landstar Inway, Inc. for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000) and for punitive damages, and for her costs incurred herein, and for such other and further orders as the Court deems just and proper under the circumstances.

### COUNT II – NEGLIGENT ENTRUSTMENT
**Maria Beyersdorfer vs. Landstar Inway, Inc.**

COMES NOW, Plaintiff Maria Beyersdorfer, by and through her undersigned counsel, and for her Count II herein against Defendant Landstar Inway, Inc., states as follows:

16.    Plaintiff Beyersdorfer realleges and incorporates paragraphs 1-7 as if fully stated herein and further states as follows:

17.    That on or about February 5, 2025, Defendant Landstar entrusted Defendant Banks with the use of a tractor-trailer semi-truck owned by Defendant Landstar.

18.    That Defendant Banks was incompetent to be entrusted with the semi-truck as he was improperly licensed, had little to no prior experience, training or education in driving semi-trucks, had previously been involved in collisions while driving semi-trucks, and/or shown signs of his inability or dangerous proclivities while driving semi-trucks.

19.    That Defendant Landstar knew or had reason to know of the aforementioned incompetence of Defendant Banks as a driver of the semi-truck.

20.    That Defendant Landstar's knowledge of Defendant Banks' incompetence was in flagrant disregard for and/or was in complete indifference or conscious disregard for the safety of others, including Plaintiff Beyersdorfer.

5

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

21.     That as a result of the aforementioned negligent entrustment of the semi-truck by Defendant Landstar to Defendant Banks, Defendants' semi-truck struck Plaintiff Beyersdorfer's vehicle, actually and proximately causing Plaintiff Beyersdorfer's injuries including but not limited to the following: injuries to her neck, back, and the surrounding tissues and bones thereof; reasonably necessary past and future medical care including but not limited to physical therapy, and diagnostic x-rays and MRI's, and the reasonable medical expenses involved in getting medical care; some of Plaintiff Beyersdorfer's injuries and damages are progressive, continuing and permanent.

WHEREFORE, Plaintiff Maria Beyersdorfer requests this Court enter its judgment in her favor and against Defendant Landstar Inway, Inc. for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000) and for punitive damages, and her costs incurred herein, and for such other and further orders as the Court deems just and proper under the circumstances.

**COUNT III – NEGLIGENT TRAINING AND SUPERVISION**
**Maria Beyersdorfer vs. Landstar Inway, Inc.**

COMES NOW, Plaintiff Maria Beyersdorfer, by and through her undersigned counsel, and for her Count III herein against Defendant Landstar Inway, Inc. states as follows:

22.     Plaintiff Beyersdorfer realleges and incorporates paragraphs 1-7 as if fully stated herein and further states as follows:

23.     That Defendant Landstar undertook to train and supervise its drivers including, but not limited to, Defendant Banks.

24.     That Defendant Landstar failed to provide adequate training and supervision to Defendant Banks where, upon information and belief:

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

a.    Defendant Landstar's vehicles had been involved in prior recent crashes; and

b.    That upon information and belief in a span of approximately two years leading up to the crash in this case Defendant Landstar was cited for numerous separate DOT violations which upon information and belief included violations for traffic citations and other violations.

25.    That despite Defendant Landstar's knowledge of consistent crashes, and significant DOT violations as described above and which will be adduced through discovery, Defendant Landstar failed to adequately train and supervise Defendant Banks regarding, among other things, safety conditions when operating a semi-truck, issues regarding fatigue when driving a semi-truck, weight limit issues when driving a semi-truck, following traffic laws when driving a semi-truck, and other aspects important to the safe operation of a commercial motor vehicle.

26.    That as a direct and proximate result of Defendant Landstar's failure to train and supervise Defendant Banks, Defendants' tractor-trailer struck Plaintiff Beyersdorfer's vehicle actually and proximately causing Plaintiff Beyersdorfer's injuries including but not limited to the following: injuries to her neck, back, and the surrounding tissues and bones thereof; reasonably necessary past and future medical care including but not limited to physical therapy, and diagnostic x-rays and MRI's, and the reasonable medical expenses involved in getting medical care; some of Plaintiff Beyersdorfer's injuries and damages are progressive, continuing and permanent.

WHEREFORE, Plaintiff Maria Beyersdorfer requests this Court enter its judgment in her favor and against Defendant Landstar Inway, Inc. for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000) and for punitive damages, and her costs

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

incurred herein, and for such other and further orders as the Court deems just and proper under the circumstances.

## COUNT IV – NEGLIGENT HIRING AND RETENTION
### Maria Beyersdorfer vs. Landstar Inway, Inc.

COMES NOW, Plaintiff Maria Beyersdorfer, by and through her undersigned counsel, and for her Count IV herein against Defendant Landstar Inway, Inc. states as follows:

27.     Plaintiff Beyersdorfer realleges and incorporates paragraphs 1-7 as if fully stated herein and further states as follows:

28.     Defendant Landstar's agent, servant and/or employee Defendant Banks was hired and retained by Defendant Landstar to drive a semi-truck to deliver freight between states.

29.     That upon information and belief, during the course of Defendant Banks' employment with Defendant Landstar, Defendant Landstar knew or should have known of one or more dangerous proclivities of Defendant Banks which were exhibited by him including:

    a.  Driving a semi-truck while fatigued; and/or

    b.  Driving a semi-truck recklessly or dangerously in the past; and/or

    c.  Driving a semi-truck while under the influence of drugs or alcohol; and/or

    d.  Driving a semi-truck while having the knowledge that he was violating DOT policies in a way that were dangerous for patrons on the roadway.

30.     That despite Defendant Landstar's knowledge of Defendant Banks' dangerous proclivities as described above, they retained his employment as a driver of a semi-truck.

31.     That as a direct and proximate result of Defendant Landstar's negligent hiring and/or retention of Defendant Banks as described herein, Defendant Landstar's tractor-trailer struck Plaintiff Beyersdorfer's vehicle actually and proximately causing Plaintiff Beyersdorfer's injuries to the following: injuries to her neck, back, and the surrounding tissues and bones thereof;

8

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

reasonably necessary past and future medical care including but not limited to physical therapy, and diagnostic x-rays and MRI's, and the reasonable medical expenses involved in getting medical care; some of Plaintiff Beyersdorfer's injuries and damages are progressive, continuing and permanent.

32.     That in hiring and retaining Defendant Banks in spite of his dangerous proclivities as described herein, Defendant Landstar acted with flagrant disregard for and/or were in complete indifference or conscious disregard for the safety of others, including Plaintiff Beyersdorfer.

WHEREFORE, Plaintiff Maria Beyersdorfer requests this Court enter its judgment in her favor and against Defendant Landstar Inway, Inc. for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000) and for punitive damages, and her costs incurred herein, and for such other and further orders as the Court deems just and proper under the circumstances.

<div align="center">

**COUNT V – NEGLIGENCE**
**Maria Beyersdorfer vs. Frederick Banks**

</div>

COMES NOW, Plaintiff Maria Beyersdorfer, by and through her undersigned counsel, and for her Count V herein against Defendant Frederick Banks states as follows:

33.     Plaintiff Beyersdorfer realleges and incorporates paragraphs 1-7 as if fully stated herein and further states as follows:

34.     That on or about February 5, 2025, Plaintiff Beyersdorfer was stopped on Arnold Tenbrook Road, an open and public thoroughfare in the State of Missouri, when Defendant Landstar's tractor-trailer being driven by Defendant Banks negligently backed the tractor-trailer into and struck Plaintiff Beyersdorfer's vehicle, directly and proximately causing and/or contributing to cause injuries and damages to Plaintiff Beyersdorfer.

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

35.    That the acts, conduct, negligence, failures and omissions of act of Defendant Banks directly and proximately caused and/or contributed to cause injuries and damages to Plaintiff Beyersdorfer, and those acts, conduct, negligence, failures and omissions to act of Defendant Banks were alternatively as follows:

a.    Defendant Banks failed to keep a careful lookout for other motor vehicles on the roadway; and/or

b.    Defendant Banks drove at an excessive speed under the circumstances; and/or

c.    Defendant Banks improperly backed up; and/or

d.    Defendant Banks knew, or by the use of the highest degree of care could have known, that there was a reasonable likelihood of collision in time thereafter to have done one or more of the following: stopped, or sounded a warning, but failed to do so.

36.    That as a result of the acts, conduct, negligence, failures and omissions to act of Defendant Banks as aforementioned herein Defendant Banks directly and proximately caused and/or contributed to cause Plaintiff Beyersdorfer's injuries including, but not limited to, the following: injuries to her neck, back, and the surrounding tissues and bones thereof; reasonably necessary past and future medical care including but not limited to physical therapy, and diagnostic x-rays and MRI's, and the reasonable medical expenses involved in getting medical care; some of Plaintiff Beyersdorfer's injuries and damages are progressive, continuing and permanent.

WHEREFORE, Plaintiff Maria Beyersdorfer requests this Court enter its judgment in her favor and against Defendant Frederick Banks for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000) and for punitive damages, and her costs incurred

10

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

herein, and for such other and further orders as the Court deems just and proper under the circumstances.

Respectfully Submitted,

/s/ Ryan J. Krupp
Ryan J. Krupp     #71045
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO  63131
Ph #: (314) 835-9999
Fax #: (314) 218-353
Email: Ryan@krupppraboin.com
Attorney for Plaintiff Maria Beyersdorfer

Electronically Filed - JEFFERSON - May 05, 2026 - 01:12 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **MARIA BEYERSDORFER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 26JE-CC00456** |
| | ) | |
| vs. | ) | Division 1 |
| | ) | |
| **LANDSTAR INWAY, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **and** | ) | |
| | ) | |
| **FREDERICK BANKS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM TO COURT

COMES NOW Plaintiff Maria Beyersdorfer, by and through undersigned counsel, and hereby respectfully requests that the Court raise the security level on the previously filed Petition in this matter, as the Petition submitted was filed in error and does not pertain to the correct case.

Respectfully Submitted,

KRUPP & RABOIN LAW FIRM, LLC

/s/ Ryan J. Krupp
Ryan J. Krupp #71045
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#: (314) 835-9999
Fax#: (314) 218-3530
Email:  Ryan@kruppraboin.com
Attorney for Plaintiff Maria Beyersdorfer

1

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

<div style="border: 2px solid black; text-align: center;">

# FILED

05/05/2026

Michael E. Reuter
CLERK, CIRCUIT COURT
JEFFERSON COUNTY

</div>

### APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to RSMo 50.140, the requested individual(s) listed in Plaintiff's Motion for Special Process Server are appointed as Special Process Server(s) in this cause.


*Michael e. Reuter, Circuit Clerk*


By: _____

*Deputy Clerk*

# Summons in Civil Case

## IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSEPH ALFRED RATHERT | **Case Number:  26JE-CC00456** | |
| Plaintiff/Petitioner:<br>MARIA BEYERSDORFER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RYAN KRUPP<br>12813 FLUSHING MEADOWS DR<br>STE 150<br>ST. LOUIS, MO  63131 | |
| Defendant/Respondent:<br> LANDSTAR INWAY, INC. | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

**The State of Missouri to:    LANDSTAR INWAY, INC.**
**Alias:**
**C/O CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD., SUITE 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*JEFFERSON COUNTY*

| 05-MAY-2026 | Michael E. Reuter, Circuit Clerk<br>/s/ LR Alexander, Deputy Clerk |
|---|---|
| Date | Clerk |

**Further Information:**

**Case Number: 26JE-CC00456**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                 Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                          Date                      Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

## IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH ALFRED RATHERT | Case Number:  26JE-CC00456 |
| Plaintiff/Petitioner:<br>MARIA BEYERSDORFER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RYAN KRUPP<br>12813 FLUSHING MEADOWS DR<br>STE 150<br>ST. LOUIS, MO  63131 |
| Defendant/Respondent:<br>LANDSTAR INWAY, INC. | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp for Return)

**The State of Missouri to**: FREDERICK BANKS
               **Alias:**

**11320 GREENWELL SPRINGS**
**APT. 1305**
**BATON ROUGE, LA  70814**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**



**JEFFERSON COUNTY**

05-MAY-2026
Date

Michael E. Reuter, Circuit Clerk
/s/ LR Alexander, Deputy Clerk
Clerk

**Further Information:**

Case Number: 26JE-CC00456

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2.  My official title is _____ of _____ County, _____ (state).

3.  I have served the above Summons by: (check one)

    ☐ delivering a copy of the summons and petition to the defendant/respondent.

    ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

    ☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____(title).

    ☐ other: _____.

Served at _____ (address) in _____ (County), _____ (state), on _____(date) at _____ (time).

_____          _____
Printed Name of Officer or Server              Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**

Summons    $_____
Non Est    $_____
Mileage    $_____ (_____ miles @ $._____ per mile)
**Total**      $_____

See the following page for directions to officer making return on service of summons.

Case Number: 26JE-CC00456

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

Electronically Filed - jEFFERSON - May 05, 2026 - 01:12 PM

This case is set on the docket on August 21, 2026 at 9:00 am.  The court will not raise the security level with out a record being made. The court is available on the following dates should the parties wish to call same up sooner: June 8,9,10; July 29,30,31.  All setting are at 9:00 am. J. Rathert 5-6-26

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **MARIA BEYERSDORFER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 26JE-CC00456** |
| | ) | |
| **vs.** | ) | **Division 1** |
| | ) | |
| **LANDSTAR INWAY, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **and** | ) | |
| | ) | |
| **FREDERICK BANKS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM TO COURT

COMES NOW Plaintiff Maria Beyersdorfer, by and through undersigned counsel, and hereby respectfully requests that the Court raise the security level on the previously filed Petition in this matter, as the Petition submitted was filed in error and does not pertain to the correct case.

Respectfully Submitted,

KRUPP & RABOIN LAW FIRM, LLC

/s/ Ryan J. Krupp

Ryan J. Krupp #71045
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#: (314) 835-9999
Fax#: (314) 218-3530
Email:  Ryan@krupptaboin.com
Attorney for Plaintiff Maria Beyersdorfer

Electronically Filed - JEFFERSON - May 12, 2026 - 04:49 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| MARIA BEYERSDORFER, | ) |
| | ) |
| Plaintiff, | )   Case No.: 26JE-CC00456 |
| | ) |
| vs. | ) |
| | ) |
| LANDSTAR INWAY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO STRIKE PETITION FILED ON 04/30/26 FROM THE RECORD OR IN THE ALTERNATIVE RAISE THE SECURITY LEVEL TO THAT DOCUMENT**

COMES NOW attorney Ryan J. Krupp #71045 on behalf of plaintiff and for his "Plaintiff's Motion to strike Petition filed on 4/30/26 from the record or in the alternative to raise the security level as to that document" states as follows:

1. Plaintiff filed her Petition on 04/30/26.
2. This petition was filed in error and was meant to be filed under a different case.


WHEREFORE, Plaintiff requests the court strike Plaintiff's petition that was filed on 04/30/26 or in the alternative raise the security level to that document so no confusion or irrelevant case documentation is exposed under the wrong case number.

Respectfully submitted,

/s/ Ryan J. Krupp
Ryan J. Krupp #71045
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#: (314) 835-9999
Fax#: (314) 218-3530
Email: Ryan@kruppraboin.com
Attorney for Plaintiff Maria Beyersdorfer

1

Electronically Filed - JEFFERSON - May 12, 2026 - 04:50 PM

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **MARIA BEYERSDORFER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 26JE-CC00456** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **LANDSTAR INWAY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF HEARING

You are hereby notified that the undersigned will call up for hearing in the Circuit Court

of Jefferson, Missouri in front of the Honorable Judge Rathert on June 9, 2026, at 9:00 am or as

soon thereafter as the same may be heard:

**Plaintiff's Motion to Strike Petition Filed on 4/30/26 From the Record or in the Alternative to Raise the Security Level as to that Document**

Respectfully Submitted,

/s/ Ryan J. Krupp
Ryan J. Krupp #71045
Attorney for Plaintiff Maria Beyersdorfer
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.   63131
Ph#      (314)835-9999
Fax#     (314)218-3530
Email:   ryan@kruppraboin.com

1

Electronically Filed - JEFFERSON - May 12, 2026 - 04:50 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was filed electronically with the Court through the

Court's electronic mailing system for service upon all parties on this 12th day of May, 2026.


/s/ Ryan J. Krupp #71045